Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000372
11-AUG-2016
08:51 AM

NO. CAAP-14-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE PETITION OF LIHUE PHARMACY, INC.,
Petitioner-Appellant/Appellant,
v.
MED-QUEST DIVISION, STATE OF HAWAI'I,
DEPARTMENT OF HUMAN SERVICES,
Respondent-Appellee/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2804)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Petitioner-Appellant/Appellant Lihue Pharmacy, Inc.
(**Lihue Pharmacy**) appeals from the December 23, 2013 "Judgment"
and December 23, 2013 "Order Granting Appellee Med-Quest
Division, Department of Human Services, State of Hawaii's Motion
to Dismiss Appeal Filed November 8, 2013 and Denying Appellant
Lihue Pharmacy, Inc.'s Motion for Leave to Conduct Pre-Brief
Discovery and Depositions and for Evidentiary Hearing Filed
October 30, 2013" both entered in the Circuit Court of the First
Circuit[1] (**circuit court**).

On appeal, Lihue Pharmacy contends the circuit court
erred in: (1) holding that the "triggering event" for judicial
review was the April 2, 2013 letter from the Appeals
Administrator; (2) failing to find that the triggering event for
judicial review was the September 18, 2013 letter denying a

_____

[1] The Honorable Rhonda A. Nishimura presided.

hearing from the final decision; and (3) denying Lihue Pharmacy's "Motion for Leave to Conduct Pre-Brief Discovery and Depositions and for Evidentiary Hearing."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Lihue Pharmacy's appeal is without merit.

"Any person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review thereof under this chapter[.]" Hawaii Revised Statutes (**HRS**) § 91-14(a) (2012 Repl). The deadline for an administrative appeal to the circuit court is provided by statute: "Except as otherwise provided herein, proceedings for review shall be instituted in the circuit court . . . within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to rule of court[.]" HRS § 91-14(b) (2012 Repl.). "A party's failure to timely request an agency review hearing not only bars the agency from considering that request, but also precludes the circuit court from considering an appeal of the administrative decision." Tanaka v. Dep't of Hawaiian Home Lands, 106 Hawai'i 246, 249, 103 P.3d 406, 409 (App. 2004) (citing Ass'n of Apartment Owners of the Governor Cleghorn v. M.F.D., Inc., 60 Haw. 65, 68-70, 587 P.2d 301, 304 (1978)). "The time limit for the taking of an appeal established by statute is mandatory and if not complied with, the appeal must be dismissed." Tanaka, 106 Hawai'i at 250, 103 P.3d at 410 (citing Korean Buddhist Dae Won Sa Temple of Hawaii, Inc. v. Zoning Bd. of Appeals, 9 Haw. App. 298, 303, 837 P.2d 311, 313-14 (1992)).

"[A] final order is not necessarily the last decision in a case. 'What determines the finality of an order is the nature and effect of the order." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (internal citation, ellipsis, and brackets omitted) (citing and quoting In re Hawai'i Gov't Emp. Ass'n, Local 152, AFSCME, AFL-CIO, 63 Haw. 85, 88, 621 P.2d 361, 363 (1980)).

The Hawai'i Supreme Court has held that the denial of a request for a hearing is sufficiently a final decision for judicial review. Kaleikini v. Thielen, 124 Hawai'i 1, 26, 237 P.3d 1067, 1092 (2010) (citing Public Access Shoreline Hawai'i v. Hawai'i Cty. Planning Comm'n, 79 Hawai'i 425, 431-33, 903 P.2d 1246, 1252-54 (1995)). However, the conduct of Respondent-Appellee/Appellee Med-Quest Division (**MQD**) of the State of Hawai'i, Department of Human Services (**DHS**) indicates that the April 2, 2013 denial by the DHS Administrative Appeals Office (**AAO**) of Lihue Pharmacy's request for a hearing was not "final" because negotiations between Lihue Pharmacy and MQD were ongoing. See Lindinha, 104 Hawai'i at 168, 86 P.3d at 977.

After learning of MQD's intention to recoup $19,477.60, Lihue Pharmacy contacted an employee within MQD to discuss errors it believed the auditing company had made during the on-site audit. According to Lihue Pharmacy, Lydia Hemmings (or Lydia Hardie), whose title was listed as "Clinical Standards Office, Clinical Administrator," granted Lihue Pharmacy a thirty-day extension to submit a request for a hearing. When the AAO denied Lihue Pharmacy's request as untimely, Lihue Pharmacy notified the AAO of the extension. The AAO made it clear that it would not honor the thirty-day extension and denied Lihue Pharmacy the extension by letter dated June 27, 2013. The June 27, 2013 letter constituted the AAO's "final decision and order" triggering the thirty-day time period to appeal from MQD's final decision because the letter restating the denial "end[ed] the proceedings, leaving nothing further to be accomplished." Lindinha, 104 Hawai'i at 168, 86 P.3d at 977 (citing Gealon v. Keala, 60 Haw. 513, 520, 591 P.2d 621, 626 (1979)).

Lihue Pharmacy did not submit its notice of appeal from the AAO's denial of Lihue Pharmacy's request for a hearing until October 18, 2013, well over the thirty-day deadline to appeal a final decision or order under HRS § 91-14(b). We therefore affirm the circuit court's order granting MQD's motion to dismiss on the ground that the circuit court lacked jurisdiction over Lihue Pharmacy's appeal. Because the circuit court lacked

3

jurisdiction, we do not address Lihue Pharmacy's other arguments on appeal.

Therefore,

IT IS HEREBY ORDERED that the December 23, 2013 "Judgment" and December 23, 2013 "Order Granting Appellee Med-Quest Division, Department of Human Services, State of Hawaii's Motion to Dismiss Appeal Filed November 8, 2013 and Denying Appellant Lihue Pharmacy, Inc.'s Motion for Leave to Conduct Pre-Brief Discovery and Depositions and for Evidentiary Hearing Filed October 30, 2013" both entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, August 11, 2016.

On the briefs:

Rafael. G. Del Castillo
(Jouxson-Meyers & Del Castillo)
for Petitioner-Appellant/
Appellant.

Heidi M. Rian
Lila C. King
(Deputy Attorneys General)
for Respondent-Appellee/
Appellee.

Presiding Judge

Associate Judge

Associate Judge

4